ROB BONTA, State Bar No. 202668
Attorney General of California
MICHAEL L. NEWMAN, State Bar No. 222993
Senior Assistant Attorney General
LAURA L. FAER, State Bar No. 233846
VILMA PALMA-SOLANA, State Bar No. 267992
Supervising Deputy Attorneys General
LISA CISNEROS, State Bar No. 251473
DELBERT TRAN, State Bar No. 323993
SOPHIA CARRILLO, State Bar No. 326428
Deputy Attorneys General
 1300 I Street
 Sacramento, CA 95814
 Telephone: (916) 210-6380
 E-mail: Sophia.Carrillo@doj.ca.gov
*Attorneys for Defendant*
*Shirley N. Weber in her official capacity as*
*Secretary of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **NATIONAL CENTER FOR PUBLIC POLICY RESEARCH,**<br><br>Plaintiff,<br><br>v.<br><br>**SHIRLEY N. WEBER, in her official capacity as Secretary of State of the State of California,**<br><br>Defendant. | 2:21-CV-02168 JAM-AC<br><br>**DEFENDANT SECRETARY OF STATE SHIRLEY N. WEBER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING APPEAL AND STATE COURT TRIALS**<br><br>Date: May 17, 2022<br>Time: 1:30 p.m.<br>Dept: 6<br>Judge: The Honorable John A. Mendez<br>Trial Date: TBD<br>Action Filed: November 22, 2021 |

## TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................... 1

Background ........................................................................................................... 1

Legal Standard ...................................................................................................... 4

Argument .............................................................................................................. 5

    I.     The Proposed Stay Presents Only a Minimal Risk of Harm. ............... 5

    II.    A Stay Will Prevent Considerable Hardship By Minimizing Unnecessary Duplication of Litigation Efforts. ................................... 6

    III.   A Stay Would Advance the Orderly Course of Justice by Simplifying the Issues, Proof, and Questions of Law for the Federal Cases. ......................................................................................... 7

    IV.   A Stay Through Both the Parallel State Trials and the Ninth Circuit Appeal in *Meland* is Justified. ................................................. 9

Conclusion .......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*BMW of N. Am., Inc. v. Gore*
    517 U.S. 559 (1996) ..................................................................................................... 8

*California Assoc. for Health Services at Home,* No. 2012 WL 893782 .................... 7

*Castelan v. Campbell*
    No. 2:06-CV-01906(MMM), 2009 WL 1162964 (E.D. Cal. Apr.
    29, 2009) ................................................................................................................. 6, 9

*Chron. Pub. Co. v. Nat'l Broad. Co.*
    294 F.2d 744 (9th Cir. 1961) ............................................................................ 6, 7, 10

*Clinton v. Jones*
    520 U.S. 681 (1997) ..................................................................................................... 4

*Gustavson v. Mars, Inc.*
    No. 13-cv-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10,
    2014) ............................................................................................................................ 9

*Hoffman v. Jelly Belly Candy Co., Inc.*
    No. 2:19-cv-01935-JAM-DB, 2020 WL 5239884 (E.D. Cal. June
    26, 2020) ..................................................................................................................... 8

*Integon Preferred Ins. Co. v. Camacho*
    No. 116-cv-01496-AWI-SAB, 2018 WL 6620342 (E.D. Cal. Dec.
    18, 2018) ................................................................................................................ 9, 10

*Landis v. N. Am. Co.*
    299 U.S. 248 (1936) ........................................................................................... *passim*

*Lecor, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*
    502 F.2d 104 (9th Cir. 1974) .................................................................................... 10

*Leyva v. Certified Growers of Cal., Ltd.*
    593 F.2d 857 (9th Cir. 1979) ............................................................................... 4, 6, 7

*Lockyer v. Mirant Corp.*
    398 F.3d 1098 (9th Cir. 2005) ............................................................................ 4, 5, 7, 9

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Lone Star Security and Video, Inc. v. City of Los Angeles*
   827 F.3d 1192 (9th Cir. 2016) .................................................................................. 8

*McElrath v. Uber Techs., Inc.*
   No. 16-CV-07241-JSC, 2017 WL 1175591 (N.D. Cal. Mar. 30, 2017) ................... 10

*Radio Corp. of Am. v. Igoe*
   217 F.2d 218 (7th Cir. 1954) ................................................................................... 11

*United States v. California*
   No. 2:18-cv-00490-JAM-KJN, 2018 WL 5310675 (E.D. Cal. Oct. 19, 2018) ............................................................................................................. 7, 8, 9

*Yong v. I.N.S.*
   208 F.3d 1116 (9th Cir. 2000) .................................................................................. 4

**STATUTES**

United States Code, Title 42
   § 1981 ........................................................................................................................ 3

California Administrative Procedure Act ................................................................... 5

California Corporations Code
   § 301.3, subdivision (e) ............................................................................................ 5
   § 301.4, subdivision (d) ............................................................................................ 5

California Government Code
   §§ 11346.4-5 ............................................................................................................. 5

**CONSTITUTIONAL PROVISIONS**

California Constitution
   Article I, section 7 .................................................................................................... 2
   Article III .................................................................................................................. 3

U.S. Constitution
   Fourteenth Amendment Equal Protection Clause ................................................. 2, 3

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**COURT RULES**

Ninth Circuit
   Rule 34-3 ........................................................................................................... 9

General Order 3.3(c) ................................................................................................. 9

**OTHER AUTHORITIES**

California Assembly Bill No. 979 ............................................................................ 1

California Senate Bill No. 826 ................................................................................. 1

# INTRODUCTION

Defendant Shirley N. Weber, in her official capacity as California Secretary of State ("the Secretary") seeks an order staying the proceedings in this case, and the two related federal cases that challenge California Senate Bill No. 826 and Assembly Bill No. 979 ("SB 826" and "AB 979", respectively), through resolution of the *Meland v. Weber*, No. 22-15149 (9th Cir. 2022) appeal pending in the Ninth Circuit and entry of judgment in the two parallel state cases challenging the exact same laws.

Since the California Legislature adopted these statutory provisions to address the persistent discrimination against and exclusion of qualified women directors and directors from underrepresented communities from the boards of publicly held corporations headquartered in California, advocacy groups have filed a procession of five lawsuits in state and federal courts. The central claims in each of these lawsuits involve constitutional, equal protection challenges to SB 826 and AB 979. These overlapping claims, and similarities between the plaintiffs, have increased the specter of duplicative efforts that waste the parties' and this Court's resources.

The Secretary requests the Court exercise its inherent authority to manage its docket in the interest of efficiency and justice by staying the proceedings in this case, as well as the two related federal cases—*Meland v. Weber*, No. 2:19-cv-2288 (*Meland*), and *Alliance for Fair Board Recruitment v. Weber*, No. 2:21-cv-01951 (*Alliance*). The stay will avert hardships to the parties and promote the orderly course of justice by simplifying the adjudication of overlapping substantive and procedural issues raised by these three cases. Furthermore, a stay is warranted because either of the state cases could result in an injunction against SB 826 or AB 979 that would moot certain claims within the federal cases.

# BACKGROUND

The Secretary has described SB 826 and AB 979 in her briefing in all three federal cases assigned to this Court, and in the interest of brevity, she forgoes repeating the same detailed information here. It is sufficient to recognize that the Legislature enacted the statutes to further compelling and important state interests in remedying discrimination and promoting diversity in corporate leadership, with attendant benefits to California and its residents. The Legislature

enacted SB 826 in 2018 and approved AB 979 in 2020, adopting much of the same reasoning put forward in support of SB 826. The relevant history of the five cases challenging SB 826 and AB 979 is summarized below.

***The State Court Trials in Crest I and Crest II.*** The first lawsuit seeking to strike SB 826 was filed in state court on August 6, 2019, and amended on September 20, 2019. The case, *Robin Crest, Earl de Vries, and Judy de Vries v. Alex Padilla (Crest I)*, No. 19STCV27561, (Cal. Super. Ct. 2019) was filed on behalf of three taxpayer plaintiffs presenting a facial challenge to SB 826 by alleging that the bill creates a gender-based "quota system" that, as relevant to the federal matters, violates Article I, section 7, of the California Constitution, which contains California's Equal Protection clause. The *Crest I* plaintiffs seek declaratory relief and a permanent injunction prohibiting the Secretary from expending or causing the expenditure of taxpayer funds and taxpayer-financed resources to enforce or carry out the provisions of SB 826.

Little more than one year later, on September 30, 2020, the same three taxpayer plaintiffs brought a new action to challenge AB 979, *Robin Crest, Earl de Vries, and Judy de Vries v. Alex Padilla (Crest II)*, No. 20STCV37513 (Cal. Super. Ct. 2020). Like *Crest I*, *Crest II* presents a facial challenge to AB 979, alleging that, as relevant to the federal matters, the bill violates Article I, section 7, of the California Constitution. *Crest II* also seeks declaratory and injunctive relief.

Both *Crest I* and *Crest II* are pending in Los Angeles Superior Court, and the same counsel from Judicial Watch represent plaintiffs in both actions. In *Crest I* the parties completed their bench trial on February 16, 2022, and expect a decision in the near term. The trial in *Crest II* is scheduled to begin on May 2, 2022. Declaration of Sophia A. Carrillo, ¶ 6 (Carrillo Decl.). In both cases the Secretary has argued that the statutes do not violate the state constitution, plaintiffs lack standing as taxpayers, and plaintiffs' lawsuits are not ripe for review as there is no actual or likely threat of enforcement of the statutes by the Secretary.

***Meland.*** The first federal case was filed in the Eastern District of California on November 13, 2019, with plaintiff Creighton Meland, Jr. challenging SB 826. The *Meland* Plaintiff, an out-of-state individual shareholder, alleges that SB 826 requires or encourages him to vote on account

2

of sex in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. *Meland*, No. 2:19-cv-2288-JAM-AC, Complaint at ¶ 29, ECF No. 1. Initially, this Court dismissed Mr. Meland's case for lack of Article III standing. On June 21, 2021, the Ninth Circuit reversed the dismissal order and remanded the case, holding that Mr. Meland's allegations were sufficient for Article III purposes. Mr. Meland then unsuccessfully moved for a preliminary injunction. This Court denied the motion on December 27, 2021, and Mr. Meland has since appealed the decision to the Ninth Circuit. ECF No. 69. The pending appeal has been scheduled for expedited briefing under the Ninth Circuit rule applicable to preliminary injunction appeals, with parties briefing complete by April 13, 2022. Carrillo Decl., ¶ 5.

*Alliance.* Less than a month after the Ninth Circuit's decision holding that Mr. Meland alleged a cognizable injury in his complaint, a second federal case was filed on July 12, 2021, seeking to block SB 826 and AB 979. *Alliance*, No. 2:21-cv-01951-JAM-AC. In *Alliance*, a Texas-based non-profit membership association filed suit in the Central District of California, alleging that the statutes limit shareholder members' voting rights and undermine its members' ability to gain seats on the boards of directors of publicly held corporations headquartered in California. *Alliance*, Complaint at ¶¶ 16-25, ECF No. 1. On the Secretary's motion, the *Alliance* case was transferred to the Eastern District of California, and related to the *Meland* case. On January 11, 2022, this Court dismissed the *Alliance* Plaintiff's internal affairs claim and its claim that SB 826, on its face, violates the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution. *Alliance*, ECF Nos. 70, 73. The *Alliance* Plaintiff's remaining claims are its second and third counts, which allege that AB 979 enacts unlawful discrimination based on race and ethnicity in violation of the federal Equal Protection Clause and 42 U.S.C. § 1981.

*NCPPR.* Counsel who represent Mr. Meland, Pacific Legal Foundation, filed the third federal case on November 22, 2021, not long after this Court heard and expressed its reluctance to grant Mr. Meland's motion for preliminary injunction, and after the Secretary challenged Mr. Meland's standing to proceed with the case based on facts obtained during discovery. In this third case, *National Center for Public Policy Research v. Weber*, No. 2:21-cv-02168 (*NCPPR*), a Washington D.C.-based organization alleges that it owns stock in certain publicly held

1  corporations headquartered in California and that SB 826 and AB 979 undermine the
2  organization's right to vote its choice in director elections, put forward shareholder proposals to
3  bar consideration of race, sex, and sexual orientation in director elections, and put forward
4  director candidates who support the organization's vision. *NCPPR*, Complaint at ¶¶ 32, 34, 36,
5  ECF No. 1. On February 4, 2022, the Secretary moved to dismiss the *NCPPR* case, and a hearing
6  is set for April 19, 2022. *NCPPR*, ECF No. 16.

## LEGAL STANDARD

A district court may stay proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). A stay is particularly appropriate when parallel or separate proceedings are underway, where "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Growers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The court may issue such a stay "whether the separate proceedings are judicial, administrative, or arbitral in character, and [a stay] does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863-864.

When considering a stay, courts balance: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In addition to these factors, a court balances the length of the stay with the justification given for it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

# ARGUMENT

A stay should be granted because the Secretary's request clearly satisfies the *Landis* factors, and the length of the requested stay is justified.

## I. THE PROPOSED STAY PRESENTS ONLY A MINIMAL RISK OF HARM.

The Supreme Court requires a "fair possibility" of damage to a plaintiff to caution against a stay, *Landis*, 299 U.S. at 255, but Plaintiff NCPPR is unable to establish even that likelihood of harm. Plaintiff alleges that SB 826 and AB 979 harm individual shareholder rights, (*NCPPR* Compl. ¶ 33), but it has not identified any specific company in which it holds shares that is not compliant with the statutes. Moreover, no company in which Plaintiff has an interest faces an imminent prospect of penalties because the Secretary has not taken any steps to promulgate regulations or pursue fines or penalties. *See Nat'l Ctr. for Pub. Pol'y Rsh. v. Weber*, No. 2:21-cv-02168, Def.'s Mot. to Dismiss, ECF No. 16, Bogart Decl. ¶¶ 17-18 ("The Secretary of State's office's interpretation of sections 301.4, subdivision (d), and 301.3, subdivision (e), is that, because the Secretary has not adopted necessary implementing regulations, the Secretary of State currently lacks the mechanism to impose fines."). There is no current threat of penalties to companies in which Plaintiff invests. Further, given the rulemaking requirements under the California Administrative Procedure Act, no such threat can materialize without substantial advance notice to Plaintiff. Cal. Gov't Code §§ 11346.4-5 (West) (establishing notice, 45-day public comment period, and other procedural requirements for the adoption of regulations under the California Administrative Procedure Act).

Plaintiff's other harms alleged are similarly minimal. Plaintiff vaguely alleges that it seeks to "put forward" director candidates. Compl. ¶ 30. The statutes, however, do not preclude Plaintiff from nominating, recommending or advancing its own director candidates. Plaintiff could undertake these efforts even with a stay in place, especially as both statutes permit the addition of new directors. Nor will a stay preclude Plaintiff from advancing its shareholder proposals to bar corporations from considering director diversity, Compl. ¶¶ 25, 34, as the statutes do not relate to shareholder proposals or prohibit such proposals. Accordingly, there is minimal possibility of "damage which may result from the granting of a stay." *Lockyer,* 398 F.3d at 1110.

## II. A STAY WILL PREVENT CONSIDERABLE HARDSHIP BY MINIMIZING UNNECESSARY DUPLICATION OF LITIGATION EFFORTS.

The burdens of defending a suit may present sufficient hardship if litigation proves duplicative. Here, overlapping duplicative efforts have created significant, ongoing burdens on the Secretary. The Ninth Circuit has recognized:

> [When] the facts material to each examination may in large part be the same[,] [w]e are then confronted with the prospect of two tremendously complex proceedings simultaneously assembling the same factual data in painstaking detail for the purpose of considering these facts from different points of view. The situation is one which cries out for the elimination of wasteful duplication of effort. . . . The elimination of unnecessary duplication does not appear unreasonable under these circumstances. To hold otherwise might well, as a practical matter, defeat the very end sought. . . . The burden of duplication of effort is not, of course, borne by the courts alone. It is borne as well by the litigants and their counsel.

*Chron. Pub. Co. v. Nat'l Broad. Co.*, 294 F.2d 744, 747-48 (9th Cir. 1961) (analyzing propriety of *Landis* stay under "both [] hardship and [] the orderly course of justice"); *Leyva*, 593 F.2d at 864 ("It would waste judicial resources and be burdensome upon the parties if the district court in a case such as this were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially parallel process."); *Castelan v. Campbell*, No. 2:06-CV-01906(MMM), 2009 WL 1162964, at *1 (E.D. Cal. Apr. 29, 2009) (granting *Landis* stay, in part, because hardship may occur if related proceedings "affect[] the legal standard applicable," which "may result in duplicate hearings" in the underlying case) (McKeown, J., sitting by designation).

Because the five parallel federal and state cases lodge equal protection challenges against the same state statutes, continuation of this litigation would produce wasteful and duplicative efforts while "assembling the same factual data in painstaking detail[.]" *Chron. Pub. Co.*, 294 F.2d at 747. *Crest I* already completed trial, which lasted over seven weeks and involved sixteen witnesses and approximately 215 exhibits. Carrillo Decl., ¶ 7. *Crest II* is set to commence trial in less than two months, and cross motions for summary judgment have already involved the filing over 1,500 pages of evidence and briefing. Carrillo Decl., ¶ 6. The *Meland* case is also indicative of the substantial resources required to advance this litigation. The motion for preliminary injunction entailed third party discovery, a half dozen expert witnesses, and government and other

fact witnesses. The *Meland* Plaintiff has also filed his second appeal to the Ninth Circuit. There is considerable hardship on the Secretary in marshalling the time and resources necessary to manage the litigation that has proliferated in the state and federal trial courts and will produce appellate level litigation. Moreover, this duplication of efforts is unnecessary because the plaintiffs are all seeking similar declaratory and injunctive relief against two laws with a discretionary enforcement mechanism.

### III. A STAY WOULD ADVANCE THE ORDERLY COURSE OF JUSTICE BY SIMPLIFYING THE ISSUES, PROOF, AND QUESTIONS OF LAW FOR THE FEDERAL CASES.

A stay of the proceedings in this case, and the other two related federal cases will advance the orderly resolution of these cases by simplifying the litigation. The *Meland* appeal and *Crest I* and *Crest II* trials address equal protection challenges to AB 979 and SB 826, meaning the resolution of those proceedings would provide guidance on certain legal issues that the Court must address in *NCPPR*, even if the rulings in *Crest I* and *Crest II* do not bind the federal court with respect to federal claims. *See, e.g.*, *Lockyer*, 398 F.3d at 1111 (citing *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983) as affirming a stay where the other proceeding "overlapped a great deal both factually and legally"); *Leyva*, 593 F.2d at 864; *Chron. Pub. Co.*, 294 F.2d at 747; *cf. also Lockyer*, 398 F.3d at 1112–13 (declining to remand for a *Landis* stay, in part, because the related proceeding "is unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court").

A stay is appropriate because the Ninth Circuit's decision could provide guidance for the Court's resolution of the constitutional questions presented in the three federal cases, as well as guidance on the Secretary's standing and ripeness arguments, and is likely to narrow the issues before this Court or may dismiss the case in its entirety based on standing or ripeness, or both. *California Assoc. for Health Services at Home,* No. 2012 WL 893782, at *3. Any ruling related to standing and ripeness will be instructive as to all three federal cases, where these issues are also raised. Indeed, this Court has instructed in another matter that a stay is prudent, and proceeding with discovery amidst uncertainty as to whether this Court's orders will be affirmed imposes a hardship, particularly when the Court of Appeals will soon clarify the legal landscape, and may

"cause the issues now before this Court to 'be subject to modification or rendered moot.'" *United States v. California*, No. 2:18-cv-00490-JAM-KJN, 2018 WL 5310675, at *1, (E.D. Cal. Oct. 19, 2018) (Mendez, J.)*; see also Hoffman v. Jelly Belly Candy Co., Inc.*, No. 2:19-cv-01935-JAM-DB, 2020 WL 5239884, at *2 (E.D. Cal. June 26, 2020) (Mendez, J.) (granting *Landis* stay, in part, because U.S. Supreme Court cases may resolve a definitional question "in flux" among the circuits). Here too, without a stay, the parties bringing factually similar claims that "involve the same constitutional issues and principles of law" will face the needless duplication of work and possibility of inconsistent rulings while litigating the same issues in triplicate before this Court, and in parallel with the Ninth Circuit appeal (and, as discussed below, the state cases). *United States*, 2018 WL 5310675, at *2-3.

With respect to the state cases, while the equal protection doctrines under our state and federal constitutions are not identical, there are overlapping substantive questions concerning SB 826 and AB 979, and the Secretary has disputed the ripeness of the plaintiffs' claims for judicial review in both the state and federal cases and will do so in the Ninth Circuit appeal. In *Crest I* and *Crest II* the Secretary has argued that the challenges are not ripe for judicial review because the taxpayer plaintiffs have not established the actual or likely enforcement of the statutes. The Secretary has made similar arguments against the *NCPPR* Plaintiff. Inconsistent rulings between this Court and the state courts would be counter to the orderly course of justice because the federal courts "defer to a state court's interpretation of its own laws unless that interpretation is 'untenable or amounts to subterfuge to avoid federal review of a constitutional violation.'" *Lone Star Security and Video, Inc. v. City of Los Angeles*, 827 F.3d 1192, 1199 (9th Cir. 2016) (citing *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989)). A stay through judgment in *Crest I* and *Crest II* for example, will reduce the likelihood that this Court will construe the Secretary's authority under SB 826 and AB 979 in a manner inconsistent with the state courts' review of her authority. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 577 (1996) ("[O]nly state courts may authoritatively construe state statutes.")

Moreover, guidance from the Ninth Circuit and the judgment in the pending *Crest I* trial, may decide whether the issues before this Court will be modified or rendered moot. As discussed

above, without a stay, the parties and the Court face needless duplication of work and "possible inconsistent decisions" while litigating the same issues in triplicate. *United States*, 2018 WL 5310675, at *3. Judicial economy is "highly relevant" to the determination of whether the orderly course of justice factor weighs in favor of a stay, and weighs heavily in favor here. *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014). For these reasons, the stay would prevent considerable hardship and prevent duplication across the parallel cases.

**IV.   A STAY THROUGH BOTH THE PARALLEL STATE TRIALS AND THE NINTH CIRCUIT APPEAL IN *MELAND* IS JUSTIFIED.**

Courts have issued *Landis* stays through the resolution of both state court proceedings and federal appeals. *See, e.g.*, *Integon Preferred Ins. Co. v. Camacho*, No. 116-cv-01496-AWI-SAB, 2018 WL 6620342, at *1, 12 (E.D. Cal. Dec. 18, 2018) (stay granted until conclusion of state lawsuit); *Castelan v. Cambell*, 2009 WL 1162964, *1 (E.D. Cal. April 29, 2009) ("It is in the interest of justice to await [the Ninth Circuit's] decision rather than proceeding and having to reconsider the case.").

The length of the proposed stay is justified on two fronts. First, the stay is definite and tethered to the Ninth Circuit's resolution of substantive and standing issues that will provide guidance to this Court. Second, the proposed stay fits squarely within this Court's past practice of granting stays tethered to the resolution of a Ninth Circuit appeal, even when the stay lacks a definitive end date. *See United States*, 2018 WL 5310675, at *2. Moreover, here, the consideration of the appeal of the preliminary injunction in *Meland* is prioritized under Ninth Circuit Rule 34-3 and General Order 3.3(c).

In addition, the proposed stay is linked to the state trial court's resolution of how SB 826 and AB 979 should be interpreted, both with respect to the flexible provisions within the statutes and the Secretary's enforcement authority. The proposed stay will "in all likelihood . . . settle many and simplify . . . all" issues before this Court. *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 256, that the parallel proceeding need "not settle every question of fact and law.") The issues in the parallel proceedings will undoubtedly

9

1  "bear on questions at issue in this federal lawsuit," because if the bills are enjoined in state court,
2  it could moot the federal cases. *Integon Preferred Ins. Co. v. Camacho*, No. 1:16-cv-01496-AWI-
3  SAB, 2018 WL 6620342, at *12 (E.D. Cal. Dec. 18, 2018) (granting a *Landis* stay and finding the
4  District Court and the parties "can be assisted by the state lawsuit's development of the evidence
5  and findings, regardless of whether this federal Court is bound by such evidence and findings.")

6  Furthermore, the length of the stay will not harm Plaintiff. The opening brief in the *Meland*
7  appeal has already been filed and briefing will be complete by mid-April. The trial date for *Crest*
8  *II* is already set for less than two months away. The proposed stay length is reasonable and
9  tethered to scheduled proceedings. *McElrath v. Uber Techs., Inc.*, No. 16-CV-07241-JSC, 2017
10 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017) (noting a stay "within a year" was a "short, not
11 indefinite, duration" that weighed in favor of granting a *Landis* stay). Stays have been granted
12 pending outcomes of proceedings that parties suggested would take "months, if not years"
13 because the "avoidance of a duplication of that very complexity . . . serves in part to justify the
14 stay"). *Chron. Pub. Co.*, 294 F.2d at 749. Here too, the proposed stay "could hardly be made
15 shorter and still accomplish its purpose." *Id.*

16 As discussed in Part I, the harms to Plaintiff are negligible. Nor will the stay hurt Plaintiff's
17 ability to litigate the case because this is not an action that involves witnesses whose memories
18 may fade or where evidence will deteriorate or where Plaintiff is losing money or even
19 necessarily has significant stockholdings. The additional time could also help Plaintiff whose
20 alleged harms are not based on concrete plans or actual interference with Plaintiff's efforts to put
21 forward director candidates or shareholder proposals, if that is truly their intent. Additionally, the
22 stay will allow for the Secretary to evaluate the impact of the laws through its annual mandated
23 reports, and determine whether and how board composition has changed, with no immediate
24 threat of enforcement bearing on any regulated corporation. *See NCCPR,* No. 2:21-cv-02168,
25 Def.'s. Mot. to Dismiss, ECF No. 16, Bogart Decl. ¶ 17-18, 21.

## CONCLUSION

27 The three related federal cases present a situation where a stay should issue "even where the
28 parties in the two actions are not the same" because on balance, the benefits outweigh any

1  hardship and the court should "exercise [its] discretionary judgment" to issue the stay. *Lecor, Inc.*
2  *v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 502 F.2d 104, 105 (9th Cir. 1974), *Radio Corp. of Am. v.*
3  *Igoe*, 217 F.2d 218, 220 (7th Cir. 1954). All *Landis* factors weigh in favor: a stay will
4  substantially simplify issues, proof, and questions of law and reduce the waste of the parties' and
5  this Court's resources on duplicative proceedings. The stay will serve to streamline the
6  proceedings by providing this Court with Ninth Circuit guidance on shareholder standing and the
7  application of intermediate level of scrutiny to Plaintiff's claim. And, the judgments in *Crest I*
8  and *Crest II* will provide guidance to the federal proceedings regarding the state court's
9  interpretation of the provisions of SB 826 and AB 979, including the Secretary's enforcement
10 authority with respect to both statutes. Furthermore, the outcomes in the *Crest I* and *Crest II* trials
11 may potentially moot certain of the three federal cases, or claims within those cases.

Dated: March 7, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
VILMA PALMA-SOLANA
LAURA L. FAER
Supervising Deputy Attorneys General
LISA CISNEROS
DELBERT TRAN
Deputy Attorneys General

*/s/ Sophia Carrillo*
Sophia A. Carrillo
Deputy Attorney General
*Attorneys for Defendant*
*Shirley N. Weber in her official capacity*
*as Secretary of the State of California*

LA2021604822
NCPPR - PA.Final.docx